

1997 Decions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-1997

# Ferguson Elec Co Inc v. Foley

Precedential or Non-Precedential:

Docket 95-7454,95-7464

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Ferguson Elec Co Inc v. Foley" (1997). *1997 Decisions.* Paper 126.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/126

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 10, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 95-7454 and 95-7464

FERGUSON ELECTRIC CO., INC.,
A Connecticut Corporation

v.

THOMAS P. FOLEY, in his Official Capacity as the
Secretary of Labor and Industry for the Commonwealth of
Pennsylvania; ROGER C. BITZEL, in his Official Capacity
as the Director of the Prevailing Wage Division,
Department of Labor and Industry for the Commonwealth
of Pennsylvania; ROBERT S. BARNETT, in his Individual
and Official Capacity as the Secretary of Labor and
Industry for the Commonwealth of Pennsylvania; JOHNNY
J. BUTLER, Secretary of Labor and Industry; ROBERT
RISALITI, Acting Director of the Prevailing Wage Division

Thomas P. Foley; Roger C. Bitzel;
Robert S. Barnett; Johnny J. Butler;
Robert Risaliti; *Robert Moore,
                Appellants at No. 95-7454

Ferguson Electric Co., Inc.,
                Appellant at No. 95-7464

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 93-cv-01977)

_____

*[Pursuant to F.R.A.P. Rule 12(a)]

Argued May 2, 1996

Before: SCIRICA, ROTH and GODBOLD,** Circuit Judges

(Filed June 10, 1997)

SUSAN J. FORNEY, ESQUIRE
 (ARGUED)
Office of Attorney General
 of Pennsylvania
Department of Justice
Strawberry Square, 15th Floor
Harrisburg, Pennsylvania 17120

 Attorney for Appellants/
     Cross-Appellees, Thomas P. Foley,
     Roger C. Bitzel, Robert S. Barnett,
     Johnny J. Butler, Robert Risaliti,
     and Robert Moore

DAVID A. FLORES, ESQUIRE
 (ARGUED)
Harmon & Davies
2306 Columbia Avenue
Lancaster, Pennsylvania 17603

 Attorney for Appellee/
     Cross-Appellant,
     Ferguson Electric Co., Inc.

_____

**The Honorable John C. Godbold, United States Circuit Judge for the
Eleventh Judicial Circuit, sitting by designation.

2

IRWIN W. ARONSON, ESQUIRE
 (ARGUED)
Handler, Gerber, Johnston &
 Aronson
150 Corporate Center Drive
P.O. Box 98
Camp Hill, Pennsylvania 17001-0098

 Attorney for Amicus Curiae
 Appellant/Cross-Appellee,
 Pennsylvania State Building and
 Construction Trades Council

**OPINION OF THE COURT**

SCIRICA, <u>Circuit Judge</u>.

The issue on appeal is whether certain Pennsylvania prevailing wage and apprenticeship requirements are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Since oral argument, the same issue was addressed by the United States Supreme Court in <u>California Div. of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.</u>, 117 S. Ct. 832 (1997). Accordingly, we hold ERISA does not preempt Pennsylvania's prevailing wage and apprenticeship requirements insofar as they restrict the payment of apprentice wages to apprentices registered in approved programs. We will reverse.

**I.**

**A.**

In 1961, Pennsylvania adopted the Prevailing Wage Act, which provides that "[n]ot less than the prevailing minimum wages . . . shall be paid to all workmen employed on public work." 43 Pa. Cons. Stat. § 165-5. The purpose of the Act was "to protect workers employed on public projects from substandard wages by insuring that they receive the prevailing minimum wage." <u>Keystone Chapter, Associated</u>

3

Builders and Contractors, Inc. v. Foley, 37 F.3d 945, 950 (3d Cir. 1994)(quoting Lycoming County Nursing Home Assoc., Inc. v. Pennsylvania, 627 A.2d 238, 242 (Pa. Commw. Ct. 1993)), cert. denied, 115 S. Ct. 1393 (1995). The prevailing minimum wage is determined by the Secretary of Labor and Industry,[1] who also investigates charges of wage act violations. 43 Pa. Cons. Stat. §§ 165-7, 165-11. An intentional violation of the wage act results in the contractor's bar from public contracts for three years. 43 Pa. Cons. Stat. § 165-11(e). The contractor may also be liable to the Commonwealth for damages for underpayment of wages due under the contract. 43 Pa. Cons. Stat. § 165-11(f).

Pennsylvania law permits an exception to the mandatory prevailing wage rate for apprentices in approved apprenticeship programs. The Pennsylvania Apprenticeship and Training Act permits the payment of "apprentice wage rates" which may be lower than the prevailing rate minimums. 34 Pa. Code § 83.5(b)(5)(i) ("The progressively increasing schedule of apprentice wage rates shall be expressed in terms of percentages of the journeyperson hourly rate.").[2] To prevent abuses of the apprenticeship system, the Pennsylvania Apprenticeship and Training Act created a State Apprenticeship and Training Council to set standards for apprenticeship programs.[3] 43 Pa. Cons. Stat. §§ 90.3, 90.4.

_____

1. The prevailing minimum wage varies depending on the "locality in which the public work is to be performed" and the "craft or classification of all workmen needed to perform public work contracts." 43 Pa. Cons. Stat. § 165-7.

2. The regulations accompanying the Prevailing Wage Act specifically allow for the hiring of apprentices on public works projects. 34 Pa. Code § 9.103(9) ("[A]pprentices shall be limited to numbers in accordance with a bona fide apprenticeship program registered with and approved by The Pennsylvania Apprenticeship and Training Council . .. .").

3. The Apprenticeship and Training Council is a State Apprenticeship Agency empowered to regulate apprenticeship programs under federal law. See 29 C.F.R. § 29.3(a) (1996). The Council approves only those apprenticeship programs which are "organized, written plan[s]" providing for the "employment and training of the apprentice in a skilled trade," "instruction in technical subjects related to the trade," and a

4

**B.**

Ferguson Electric Company contracted with the Schuylkill County Redevelopment Authority to provide electrical work for a public works project. Ferguson used nonunion labor and enrolled its apprentices in an apprenticeship program sponsored by the Keystone Chapter of the Associated Builders and Contractors, an employer's association. Ferguson is a member of the Associated Builders and Contractors, and its apprenticeship program had been approved by the Apprenticeship and Training Council. After Ferguson submitted apprenticeship agreements to the Council for approval in June 1992, its apprentices started working for apprentice wages. But the Council did not approve the agreements until January 1993.

Because Ferguson started paying apprentice wages prior to receiving Council approval, the Pennsylvania Department of Labor and Industry asked the Schuylkill County Redevelopment Authority to withhold its invoice payments. Then, in April 1993, the Department initiated an administrative proceeding against Ferguson under the Prevailing Wage Act for: (1) paying apprentice wages to employees before receiving Council approval; and (2) employing too many apprentices in violation of a state job-site apprentice-to-journeyman ratio rule. The Department sought monetary penalties and a ban on Ferguson's participation in public works projects for three years.

Denying any violation, Ferguson brought this federal action alleging the state officials colluded with the

_____

"progressively increasing schedule" of wages. 34 Pa. Code § 83.5(a),(b)(1),(b)(4),(b)(5). Apprenticeship programs must limit the "ratio of apprentices to journeymen [to] be consistent with proper supervision, training, and continuity of employment." 34 Pa. Code § 83.5(b)(7).

Apprentices must be individually registered with the Council. Such registration is effected by submitting apprenticeship agreements to the Council for approval. 34 Pa. Code § 83.3(b). An "apprenticeship agreement" is the agreement between the apprentice and his employer which contains the terms and conditions of the employment and training of the apprentice. 34 Pa. Code § 83.2.

5

International Brotherhood of Electrical Workers and the Foundation for Fair Contracting to prosecute it and other non-union contractors while ignoring the wage act violations of union contractors, thereby violating Ferguson's due process rights. Ferguson also claimed the Prevailing Wage Act was preempted by ERISA. Ferguson sought damages and injunctive relief that would have prohibited defendants from prosecuting their administrative action against it or interfering with its attempt to bid on public works contracts.

Both parties moved for summary judgment. Abstaining on all but the ERISA preemption issue,4 the district court held the state prevailing wage and apprenticeship laws were preempted insofar as they require a minimum journeyman-to-apprentice ratio and may forbid the retroactive approval of apprentices. Both sides appealed.5

**II.**

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. See Keystone Chapter, Associated Builders and Contractors, Inc, 37 F.3d at 953. We have jurisdiction under 28 U.S.C. §§ 1291 and 1292(a)(1).

We review summary judgment decisions under a plenary standard. See Waldron v. SL Indus., Inc., 56 F.3d 491, 496 (3d Cir. 1995). We must apply the same test as the district court and therefore must view the evidence in the light most favorable to the nonmovant and affirm only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Waldron, 56 F.3d at 496.

---

4. The district court abstained under Younger v. Harris, 401 U.S. 37 (1971).

5. On appeal, defendants challenge the district court's decision to not abstain from deciding Ferguson's ERISA preemption claim as well as the judgment of preemption. Ferguson challenges the district court's failure to hold the Prevailing Wage Act is entirely preempted by ERISA insofar as it applies to apprenticeship programs.

**III.**

After oral argument, we took the case under advisement awaiting the Supreme Court decision in <u>California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.</u>, 117 S. Ct. 832 (1997). Dillingham Construction employed apprentices on a California public works contract. The apprentices were enrolled in an apprenticeship program which did not receive state approval until after they started working. The Division of Apprenticeship Standards of the California Department of Industrial Relations issued a notice of noncompliance to Dillingham for violating California's prevailing wage law, and the county was ordered to withhold Dillingham's payments. Dillingham filed suit to prevent the state from interfering with its contract. It alleged ERISA preempted enforcement of the prevailing wage law because the law related to the apprenticeship program, which was an ERISA plan.

The Supreme Court granted certiorari in <u>Dillingham</u> on the following issue:

Did Congress intend, in enacting ERISA, to pre-empt states' traditional regulation of wages, apprenticeships, and state-funded public works construction when expressed in a state prevailing wage law that restricts contractors' payment of lower apprentice specific wages to apprentices duly registered in programs approved as meeting federal standards?

Examining "the objectives of the ERISA statute," the Court found no preemption. <u>Id.</u> at 838.

ERISA was enacted to provide uniform federal regulation of employee benefit plans. <u>See Keystone Chapter, Associated Builders and Contractors, Inc.</u>, 37 F.3d at 954. To further this goal, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Ferguson contends Pennsylvania's apprenticeship scheme is preempted by ERISA because it "relates to" the Associated Builders and Contractors apprenticeship program, which is an "employee benefit plan" under ERISA. 6 A "law `relate[s]

---

6. The term "employee benefit plan" includes "any plan, fund, or program which was heretofore or is hereafter established or maintained by an

to' a covered employee benefit plan . . . `if it [1] has a connection with or [2] reference to such a plan.' " Dillingham, 117 S. Ct. at 837 (quoting District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 129 (1992)).

A law has a "connection with" ERISA plans if it dictates the choices faced by ERISA plans. It is not enough if the law merely provides economic incentives to ERISA plans but does not "bind [them] to anything." Dillingham, 117 S. Ct. at 841. The apprenticeship scheme in Pennsylvania does not bind ERISA plans to anything, but merely provides economic incentives to encourage apprenticeship programs to obtain state approval. In Pennsylvania, as in California, "[i]f a contractor chooses to hire apprentices for a public works project, it need not hire them from an approved program (although if it does not, it must pay these apprentices journeyman wages)." Id. Like California's program, Pennsylvania's apprenticeship scheme does not have a "connection with" ERISA. See id. at 842 ("We could not hold preempted a state law in an area of traditional state regulation based on so tenuous a relation without doing grave violence to our presumption that Congress intended nothing of the sort.").

Apprenticeship laws make "reference to" ERISA plans where "approved apprenticeship programs need . . . necessarily be ERISA plans." Id. at 838. Where apprenticeship laws are "indifferent to the funding, and attendant ERISA coverage, of apprenticeship programs," they do not make "reference to" ERISA plans. Id. at 839. In Dillingham, the Court held California's prevailing wage law and apprenticeship requirements did not make "reference to" ERISA plans because apprenticeship programs need not necessarily be ERISA plans; apprenticeship programs could be maintained by a single employer and their costs could

---

employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . **apprenticeship or other training programs** . . . ." 29 U.S.C. § 1002(1),(3) (emphasis added). It is uncontested that the Associated Builders and Contractors apprenticeship program is an ERISA plan.

8

be defrayed out of the employers' general assets."Benefits paid out of an employer's general assets present[ ] risks indistinguishable from `the danger of defeated expectations of wages for services performed,' a hazard with which ERISA is unconcerned." Id. (quoting Massachusetts v. Morash, 490 U.S. 107, 115 (1989)).

Similarly, in Pennsylvania, an apprenticeship program may be approved regardless of its funding source and whether it is maintained by a single employer. See 34 Pa. Code § 83.2 (allowing a "person, association, committee, or organization" to "sponsor" an apprenticeship program); § 83.5 (setting standards for apprenticeship programs without limiting the acceptable funding sources or sponsors). Like California's prevailing wage law, Pennsylvania's apprenticeship scheme does not make "reference to" ERISA.7

## IV. Conclusion

ERISA does not preempt Pennsylvania's prevailing wage and apprenticeship requirements insofar as they restrict the payment of apprentice wages to apprentices registered in approved programs. It is immaterial that the apprenticeship program in this case, the Associated Builders and Contractors program, is an ERISA plan. The apprenticeship program's choices were not dictated by Pennsylvania law. For the foregoing reasons, we will reverse the judgment of the district court and direct the district court to enter judgment in favor of defendants.8

_____

7. Ferguson contends this case is distinguishable from Dillingham because the latter "hinged on the fact that California's apprenticeship standards were `substantially similar' to [federal apprenticeship standards]." But the Court only mentioned the similarity in passing in a footnote and declined to resolve the issue of whether "uniformity of substantive standards" is even possible. Dillingham, 117 S. Ct. at 842 n.10. More importantly, the laws in California and Pennsylvania do not materially differ in any way relevant to this issue. In both states, the "apprenticeship standards are not mandatory." Id.
8. The district court reached Ferguson's preemption claim only after denying defendants' motion to abstain. Defendants originally appealed the abstention decision but did not brief the issue in their supplemental briefs submitted after the Dillingham decision. As we are ruling in defendants' favor, we see no reason to address the abstention issue.

A True Copy:
Teste:

<u>Clerk of the United States Court of Appeals</u>
<u>for the Third Circuit</u>

10